UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CR-10015-MARTINEZ

**UNITED STATES OF AMERICA,**

v.

**PETR SUTKA,**

    **Defendant.**

_____

## STIPULATED FACTUAL BASIS

1. Between January 2011 and January 2021, defendant **PETR SUTKA** owned, operated, and managed a labor staffing company named PSEB Specialty Service, Inc. Defendant **PETR SUTKA** also provided assistance, consultation, and support to the owners, operators, and managers of Perfect Service Excellent Benefits Services, Inc.; Starline Hospitality, Inc.; Norbert Janitorial Service, Inc.; E.S.F. Services, Inc.; and Expert Services, F.S., Inc. (collectively, "other labor staffing companies"). Through these labor staffing companies, defendant **PETR SUTKA** and others provided workers to hotels, bars, and restaurants operating in the Southern District of Florida and elsewhere.

2. Defendant **PETR SUTKA** and others facilitated the employment in the hospitality industry of non-resident aliens who were not authorized to work in the United States. By obtaining and paying workers through defendant **PETR SUTKA**'s company, PSEB Specialty Service, Inc., and other labor staffing companies to which defendant **PETR SUTKA** provided assistance, consultation, and support, hotels, bars, and restaurants operating in Key West and elsewhere attempted to disclaim responsibility for ensuring (1) that workers were legally authorized to work in the United States and (2) that federal income and employment taxes were withheld and paid over to the Internal Revenue Service (IRS).

3. The IRS was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

4. The Federal Insurance Contribution Act (FICA) required employers to withhold Medicare and Social Security taxes from their employees' wages. The Internal Revenue Code also required employers to withhold federal income taxes from their employees' wages. Employers held these taxes in trust for the United States and were required to pay them over to the IRS on behalf of their employees. Collectively, these withheld taxes will be referred to as "trust fund taxes."

5. In addition to the trust fund taxes, employers were required to pay over an employer portion of FICA taxes. The trust fund taxes along with the employer's portion of FICA taxes will be collectively referred to as "employment taxes."

6. United States Citizenship and Immigration Services (USCIS) was a United States governmental agency whose primary responsibility was to enforce the nation's immigration laws.

7. The USCIS Form I-9 (Employment Eligibility Verification) required that an employee attest to his or her employment authorization. The employee must also present acceptable documents evidencing identity and employment authorization to the employer. The employer must examine the employment eligibility and identity documents to determine whether the documents reasonably appear to be genuine and to relate to the employee. The employer was required to record employee identity information on the USCIS Form I-9 and maintain those records onsite.

8. Beginning in January 2011 and continuing through at least January 2021, within the Southern District of Florida and elsewhere, defendant **PETR SUTKA** and others known and unknown to the United States unlawfully, voluntarily, intentionally, and knowingly conspired, combined, confederated, and agreed together and with each other to commit the following crimes against the United States: (1) impeding, impairing, obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of federal employment taxes, in violation of 26 U.S.C. § 7202, (2) encouraging and inducing aliens to come to, enter, or reside in the United States knowing or in reckless disregard of the fact that such coming to, entry, or residence was or would be in violation of law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and (3) concealing, harboring, and shielding from detection aliens knowing or in reckless disregard of the fact that such aliens had come to, entered, or remained in the United States in violation of law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii).

9. In furtherance of the conspiracy, defendant **PETR SUTKA** and others known and unknown to the United States entered into written contracts and verbal agreements with hotels, bars, and restaurants in Key West and elsewhere to provide labor staffing services. These agreements helped defendant **PETR SUTKA**'s customers, and the customers of other labor staffing companies to which defendant **PETR SUTKA** provided assistance, consultation, and support, attempt to disclaim responsibility for ensuring that workers were legally authorized to work in the United States and that federal employment taxes were withheld and paid over to the IRS, when, in fact, many of defendant **PETR SUTKA**'s customers, and the customers of other labor staffing companies to which defendant **PETR SUTKA** provided assistance, consultation, and support, knew or had reason to believe that the workers provided under these agreements

were not authorized to work in the United States and that federal income and employment taxes were not being withheld and paid over to the IRS.

10. In furtherance of the conspiracy, defendant **PETR SUTKA** and others known to the United States facilitated the employment of more than 100 alien workers by hotels, bars, and restaurants in Key West and elsewhere knowing or in reckless disregard of the fact those alien workers were not legally present in the United States and did not have authorization to work in the United States. The workers employed at the hotels, bars, and restaurants who used defendant **PETR SUTKA**'s labor staffing services, and the services of the other labor staffing companies to which defendant **PETR SUTKA** provided assistance, consultation, and support, did not attest to their eligibility to work in the United States on USCIS Forms I-9, and defendant **PETR SUTKA** and others with whom he worked did not complete or maintain the requisite USCIS Form I-9 records for each worker.

11. In furtherance of the conspiracy, defendant **PETR SUTKA** and others known and unknown to the United States paid workers without withholding federal income or employment taxes from the workers' gross wages.

12. In furtherance of the conspiracy, defendant **PETR SUTKA** and others known and unknown to the United States failed to prepare and file with the IRS requisite Wage and Tax Statements (IRS Forms W-2) for workers employed at hotels, bars, and restaurants in Key West and elsewhere through defendant **PETR SUTKA**'s company, PSEB Specialty Service, Inc., and other labor staffing companies to which defendant **PETR SUTKA** provided assistance, consultation, and support.

13. On or about August 2, 2019, Expert Services, F.S., Inc., one of the labor staffing companies to which defendant **PETR SUTKA** provided assistance, consultation,

and support, issued check number 2658 to defendant **PETR SUTKA** in the amount of $1,300.23. This amount represented defendant **PETR SUTKA**'s share of Expert Services, F.S., Inc.'s net profits for that pay period.

14. On or about August 9, 2019, Expert Services, F.S., Inc., issued check number 2671 to N.K. in the amount of $279.30. This amount represented untaxed wages to N.K. earned from labor provided through Expert Services, F.S., Inc., to an ice cream shop in Key West, Florida. During the time of her employment, N.K. was not lawfully present in the United States nor was she authorized to work in the United States.

DAVID A. HUBBERT
Acting Assistant Attorney General
U.S. Department of Justice, Tax Division

Sean Beaty
Jessica A. Kraft
Trial Attorneys
U.S. Department of Justice, Tax Division

H. Manuel Hernandez
Attorney for Defendant Petr Sutka

Petr Sutka
Defendant

5